# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2014

Lyle W. Cayce
Clerk

No. 13-50360
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN DELGADO-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1451-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Delgado-Martinez (Delgado) appeals the 27-month within-guidelines sentence he received following his guilty plea to illegal reentry. Delgado argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Conceding that he failed to object in the district court, he asserts that plain error review should not apply because no objection is required to preserve the issue of the substantive reasonableness

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a sentence.  Delgado acknowledges, however, that the issue is foreclosed, and he raises it to preserve for further review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Even if we reviewed for an abuse of discretion, however, the arguments are unavailing.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing the substantive reasonableness of a sentence for abuse of discretion).

As he concedes, Delgado's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We have rejected the argument that a guidelines sentence under U.S.S.G. § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, Delgado's sentence, which is in the middle of the applicable guidelines range, is presumed reasonable.  *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).  His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Delgado has not demonstrated that the district court erred, much less plainly erred, by sentencing him to a within-guidelines sentence of 27 months in prison.  *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92.  Consequently, the judgment of the district court is AFFIRMED.